UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

OTHONIEL CANTRES,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION and DEPARTMENT OF JUSTICE,

Defendants.

---

Civil File No. 01-1115 (MJD/SRN)

**ORDER**

Plaintiff, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, commenced this action by filing a complaint seeking relief under the Freedom of Information Act. Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 4.) By order dated June 25, 2001, (Docket No. 5), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket Nos. 6, 7 and 8), and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that he will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee, (in this case $100.00), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison

FILED AUG 02 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Marshal service will therefore be ordered on the named Defendants. However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285 for each Defendant to be served,[1] plus four extra copies of the complaint to be used for service of process. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If Plaintiff does not satisfy this requirement by August 31, 2001, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

---

[1] Form USM-285 will be provided by the Clerk's office upon request.

Finally, the Court will direct the Marshal to serve a copy of Plaintiff's "Motion For Vaughn Index," and a copy of Plaintiff's memorandum in support of that motion, (Docket Nos. 2 and 3), with the summons and complaint. Defendants will be required to file a written response to the "Motion For Vaughn Index" with their response to the complaint. The "Motion For Vaughn Index" will not be addressed until Defendants have had an opportunity to respond to it.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 4), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, ($100.00), in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before August 31, 2001, Plaintiff shall file one completed Form USM-285 for each Defendant to be served, together with four extra copies of the complaint to be used for service of process, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on Defendants;

5. A copy of this order, and copies of Plaintiff's "Motion For Vaughn Motion" and supporting memorandum, (Docket Nos. 2 and 3), shall be served by the Marshal with the summons and complaint; and

6. Those Defendants on whom service of process is effected shall be required to file a timely written response to Plaintiff's complaint, and to Plaintiff's "Motion For Vaughn Index."

Dated: August 2, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge