UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OTHONIEL CANTRES,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

Civil No. 01-1115 (MJD/SRN)

**REPORT AND RECOMMENDATION**

On September 10, 1998, Plaintiff was arrested for attempted bank robbery in Chicago, Illinois. He was ultimately convicted of that offense and has filed a habeas petition under 28 U.S.C. §2255 in the Northern District of Illinois. Now a prisoner at the Federal Correctional Institution at Sandstone, Plaintiff has filed a complaint seeking relief under the Freedom of Information Act, 5 U.S.C. § 552. [Docket No. 1]. Specifically, Plaintiff requests the Court to:

> order the production of agency records submitted to the Federal Bureau of Investigation (FBI) from September 10, 1998 till present, by the Chicago Police Department (CPD) regarding the arrest of Plaintiff on above mentioned date, specifically including, but not limited to: radio dispatch logs, beat logs, roll call, supplemental police reports and/or anything that would disclose the fact that CPD officer George Hardison arrived at the scene of Plaintiff's arrest inside a patrol car marked 1623 accompanied by a second, yet unknown officer on September 10, 1998 and that this unknown officer was involved in the search and initial apprehension of plaintiff, as well as involved in the interrogation of plaintiff.

Complaint, ¶ 1.



JUN 2 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This action was initially dismissed on September 19, 2001. However, the Court granted Plaintiff's Motion for Relief from Judgment, permitting the case to be reopened. Defendant has now filed a Second Motion To Dismiss, Alternatively For Summary Judgment. [Docket No. 22]. Plaintiff has submitted a response in opposition to Defendant's motion. [Docket No. 26]. The matter is presently before the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over Plaintiff's complaint. It will therefore be recommended that this action be summarily dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 5 U.S.C. §552(a)(4)(B).

## I. BACKGROUND

In his Memorandum in Response to Defendant's Second Motion to Dismiss, Alternatively for Summary Judgment, Plaintiff alleges that the Federal Bureau of Investigation ("FBI") and Chicago Police Department ("CPD") have withheld information because it will incriminate them. Plaintiff also submits interrogatories to be answered by an alleged witness from the day of his arrest.

In an earlier memorandum [Docket 18], Plaintiff explained that his Freedom of Information Act ("FOIA") request is important to his pending habeas petition wherein he alleges ineffective assistance of counsel. Memorandum ¶2. He seeks to prove an unknown CPD officer used brutal force and threats to elicit a confession. Id. Plaintiff alleged that he has proof of other misconduct by the 16th District Police Station which lends credence to his allegation of a cover-up regarding the circumstances of his arrest. Id. ¶4. Plaintiff stated:

> "Cantres already possesses the names of all the police officers named in the case report which the defendants have deleted the names from their exhibit. However, Cantres does not know the name of the officer who accompanied Hardison, the only way he can determine this is through radio dispatcher's logs and/or transcripts or tapes, beat logs, roll call, duty roster, or anything that would prove Hardison did not arrive at arrest scene alone."

Memorandum ¶6. Plaintiff alleged that the Agency made no effort to obtain the records. Id. ¶8. He requested an in camera inspection to determine whether Hardison was assigned a partner and/or that he was accompanied by a second officer at the time of Plaintiff's arrest. Id. ¶8.

In support of its First Motion to Dismiss, Alternatively for Summary Judgment, Defendant filed the Declaration of Scott Hodes.[1] [Docket 20]. Mr. Hodes declared that Plaintiff requested all records from FBI headquarters ("FBIHQ") but none existed. Id. ¶6. Plaintiff also requested all FBI Chicago Field Office ("CGFO") records concerning himself. Id. ¶7. FBIHQ reviewed 215 pages sent by CGFO and 194 were released with redactions. Id. ¶8-10. Mr. Hodes described, in detail, the FBI's Records System. Id. ¶¶ 13-15.

When Plaintiff filed the Complaint at issue herein, FBIHQ reviewed Plaintiff's file for all documents originating with the CPD. Id. ¶19. There were four pages including a two page CPD General Offense Case Report dated September 10, 1998 and a two page Daily Major Incident Log dated September 10, 1998. Id. The pages were released with redactions including CPD officer name and rank and badge number, witness names, ages, addresses and telephone numbers, and one FBI Special Agent name pursuant to FOIA's

---

[1] Scott Hodes is the Acting Chief of the Litigation Unit, Freedom of Information-Privacy Acts (FOIPA) Section. ¶1.

law enforcement exemption, 5 U.S.C. § 552(b)(7)(C). Id. ¶20. Redacted copies were provided to the Court.

Defendant submitted a Second Declaration of Scott Hodes in Support of Its Second Motion to Dismiss, Alternatively for Summary Judgment. [Docket No. 24]. The Declaration primarily addresses Plaintiff's earlier Memorandum On Why This Case Should Not Be Dismissed. Id. ¶3. Mr. Hodes declared that the Complaint asked for records submitted to the FBI from the CPD that would disclose the fact that CPD officer Hardison arrived at the scene of plaintiff's arrest with another unknown officer. Id. ¶4. The FBI released four pages, which represented all CPD pages submitted to the FBI by the Chicago Police Department. Id. ¶5. Even absent the redactions, there was no information in the four CPD pages to indicate which officer accompanied Officer Hardison at the time plaintiff was arrested. Id. ¶6. Hodes declared that no information appears on the four pages that indicates a second officer was assigned as a partner to or accompanied Hardison nor would such information have been redacted if it had been present. Id. ¶7. The FBI possesses no CPD documents other than the four pages described. Id. ¶8. The FBI advised Plaintiff that the Chicago Police Department Record Inquiry Office is the proper source for other CPD documents. Id.

## II. DISCUSSION

Defendant contends that it has demonstrated that it responded properly to plaintiff's FOIA request, that all segregable information contained in the record was released without infringing upon the privacy rights of CPD personnel, and that no information was improperly withheld. Defendant argues that Plaintiff essentially admits that the four pages do not

contain the information he seeks but that he seeks new and different information. Defendant states that it does not have any more information and is not obligated to seek it from another source. Therefore, Defendant argues that it has not improperly withheld any documents and the Court must dismiss this action for lack of subject matter jurisdiction. In the alternative, Defendant requests that the Court grant summary judgment in its favor.

Plaintiff contends that the Court has a moral obligation to help him discover evidence to corroborate his allegation that a second officer was present at the scene of his arrest.

**A. Standard of Review.**

FOIA is actually a part of the Administrative Procedure Act. United States Dep't. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 754 (1989). FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ...shall make the records promptly available to any person." 5 U.S.C. §552(a)(3) (1994). Unlike other administrative review of agency action by the district court where the agency's decision must be upheld if supported by substantial evidence, the FOIA expressly places the burden on the agency to sustain its action and directs the district courts to determine the matter de novo. Reporters Comm. for Freedom of the Press, 489 U.S. at 755.

A FOIA request is not a substitute for discovery in a habeas case. Jones v. Federal Bureau of Investigation, 41 F.3d 238, 250 (6th Cir. 1994). FOIA was not designed to supplement the rules of civil discovery. Nix v. United States, 572 F.2d 998, 1003 (4th Cir. 1978). FOIA's purpose is to open the action of public agencies to public scrutiny. Id.

FOIA does not curtail a plaintiff's right to discovery in related non-FOIA litigation but the right to civil discovery does not entitle a FOIA plaintiff to circumvent FOIA's statutory scheme. Jones, 41 F.3d at 250.

Federal jurisdiction is dependent upon a showing that an agency has (1) improperly (2) withheld (3) agency records. Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). "Judicial authority to devise remedies and enjoin agencies can only be invoked... if the agency has contravened all three components of this obligation." Id. An agency must either create or obtain requested materials as a prerequisite to the materials becoming an agency record. United States Dep't. of Justice v. Tax Analysts, 492 U.S. 136, 144 (1989). Thus, possession or control over a document is a prerequisite to FOIA disclosure. Kissinger, 445 U.S. at 151. "When an agency has demonstrated that it has not "withheld" requested records in violation of the standards established by Congress, the federal courts have no authority to order the production of such records under the FOIA." Id. at 139. Thus, the question is whether Congress has conferred jurisdiction on the Court to impose the remedy requested. Id. at 147.

**B. Analysis**

Defendant has filed the Declarations of Scott Hodes which describe in detail Defendant's response to Plaintiff's FOIA request. These affidavits describe the FBI Records System, the search that Defendant conducted, and the responsive records that were found pursuant to Plaintiff's request. Defendant has established that it has conducted a reasonable search for documents responsive to Plaintiff's request.

The affidavits submitted by Defendant establish that it found only four documents in its files that were submitted to the FBI by the Chicago Police Department. These

documents were released to Plaintiff with redactions. However, it appears Plaintiff is not interested in the redacted material on these four pages because he already knows what information was redacted. It appears that Plaintiff believes that either the FBI is withholding other documents which would prove that a second CPD officer arrived with Officer Hardison at the scene of his arrest, or that the FBI failed to obtain the records from the CPD. Plaintiff has not introduced any evidence to establish that the FBI has possession of any other documents from the CPD.

Defendant has submitted a sworn affidavit that the redactions do not indicate which, if any, officer accompanied Officer Hardison at the time plaintiff was arrested and do not indicate that a second officer was assigned as a partner to or accompanied Officer Hardison. Defendant declares that such information would not be redacted if it was present. Defendant declares that it does not possess any CPD documents other than the four pages described and suggests that the Chicago Police Department Record Inquiry Office is the proper source to obtain other CPD documents such as the radio dispatch logs, beat logs and roll call documents requested by Plaintiff in his Complaint.

Defendant has established that it has not improperly withheld agency records. To establish that material is an agency record, the agency must either create or obtain the requested material and have the material under its control at the time the request is made. United States Dep't. of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989). Defendant has established that it does not have the material requested by Plaintiff under its control. Defendant is not required to obtain the records Plaintiff has requested from the Chicago Police Department. *See* Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150-51 (1980)(holding that an agency's failure to sue a third party to obtain

possession is not a withholding under the Act). When an agency has established that it has not withheld the requested agency records, the federal courts have no authority to order the production of such records under the FOIA. Id. at 139.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint because Defendant has established that it has not improperly withheld agency records under FOIA, 5 U.S.C. §552(a)(4)(B). The action must therefore be dismissed for lack of subject matter jurisdiction. However, nothing in this Recommendation precludes Plaintiff from seeking the requested information through the normal civil discovery process.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Defendant's Second Motion to Dismiss, Alternatively for Summary Judgment [Docket Nos. 22-1 and 22-2] be **GRANTED**;

2. This action be **SUMMARILY DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) and 5 U.S.C. §552(a)(4)(B).

Dated: June 21, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served

with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.